```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| CURTIS PACE AND DOROTHY PACE | CIVIL ACTION |
| VERSUS | NO: 09-7047 |
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, ET AL | SECTION: B(2) |

## ORDER AND REASONS

Before the Court is Defendant Travelers Indemnity Company of America's ("Travelers") Motion for Partial Summary Judgment (Rec. Doc. No. 26), Plaintiffs' opposition thereto (Rec. Doc. No. 28), and Defendant's Reply and Supplemental Reply Briefs (Rec. Doc. Nos. 33 and 36).

For the following reasons, Defendant's Motion for Partial Summary Judgment (Rec. Doc. No. 26) is hereby **GRANTED.**

The above captioned matter arises out of an automobile accident that occurred on St. Bernard Highway on January 16, 2009. Plaintiff Curtis Pace was stopped at a red light, and Kevin Schnyder was two vehicles behind Pace, driving a 2009 International Model 33000 tractor/rig owned by Defendant Southern Eagle Sales and Service, LP ("Southern"). Schnyder rear-ended the vehicle stopped directly in front of him, which ultimately caused the vehicle stopped directly behind Plaintiff's to rear-end Plaintiff's vehicle, resulting in physical injury to Plaintiff.

At the time of the incident, Schnyder was the owner of, and employed by, Schnyder's Fleet Repair, LLC d/b/a Schnyder's Decal

Garage. Schnyder was driving the Southern rig from Southern's facility in Metairie to his fleet repair shop in Chalmette to perform decal work and other repairs on the vehicle. Both Schnyder and Schnyder's Fleet Repair, LLC d/b/a Schnyder's Decal Garage had policies of insurance with State Farm Fire and Casualty Company. The Schnyder defendants and State Farm were dismissed from the above-captioned matter pursuant to this Court's order dated August 13, 2010, as a settlement was reached between the parties. Additionally, Schnyder was insured as a permissive user under Travelers' commercial auto coverage policy issued to Southern.

Travelers asserts in its Motion for Partial Summary Judgment that the MCS-90 endorsement attached to Southern's policy is inapplicable in this matter, as (1) the endorsement only applies when there is no insurance coverage under the attached policy, (2) the vehicle involved in the litigated accident was not being operated in a "for-hire" capacity, and (3) the vehicle was not operating in interstate commerce. Rec. Doc. No. 26-3, at 1-2.

Plaintiffs argue that the MCS-90 endorsement does apply, because (1) such endorsement is applicable in situations where the insurer provides coverage that is insufficient to satisfy the federally mandated minimum, (2) there is no requirement that the vehicle be operating in a "for-hire" capacity for the endorsement to apply, and (3) the endorsement at issue applies even in accidents occurring during "intrastate" trips. Rec. Doc. No. 28,

at 3.

**A.    Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986).   Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.   *Id.*   Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.  *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.    The Applicability of the MCS-90 Endorsement**

The MCS-90 is a federally mandated policy endorsement, the purpose of which is to assure motor carriers' compliance with

federal minimum levels of financial responsibility. *Canal Ins. Co. v. Coleman*, 2010 WL 4276074, at *2 (5th Cir. Nov. 1, 2010) (citing 49 C.F.R. § 387.15 illus. 1). The endorsement is required to be attached to any liability policy issued to for-hire motor carriers operating motor vehicles transporting property in interstate commerce. *Id.* (citing 49 C.F.R. §§ 387.3, 387.7). The endorsement operates to create a suretyship, obligating the insurer to pay certain judgments against the insured arising from interstate commerce activities, even though the insurance contract would have otherwise excluded coverage. *Id.* (citing *Minter v. Great Am. Ins. Co. of N.Y.*, 423 F.3d 460, 470 (5th Cir. 2005)). Whether the endorsement covers an accident is a question of federal law. *Id.* at *3 (citing *Lincoln Gen. Ins. Co. v. Garcia*, 501 F.3d 436, 439 (5th Cir. 2007)).

The United States Fifth Circuit Court of Appeals' recent decision in *Coleman, supra*, reviewed the applicability of the MCS-90 endorsement alleged to cover an accident where the truck involved was not engaged in the transportation of property at the time of the accident. The Court held that the MCS-90 only covers liability for the transportation of property, and since the parties stipulated that the driver was not engaged in the transportation of property at the time of the accident, the MCS-90 endorsement did not apply. *Coleman,* at *3. The Court began its opinion by analyzing the plain text of the MCS-90 and the statute it

effectuates, § 30 of the Motor Carrier Act of 1980. *Id.* at *3-*4 (*see* 49 C.F.R. § 387.15 illus. 1; 49 U.S.C. § 31139(b)). In so doing, the Court concluded that "the endorsement covers vehicles only when they are *presently* engaged in the transportation of property in interstate commerce." *Id.* at *4 (emphasis added). The Court additionally noted that the majority of courts have agreed with its "trip-specific" approach to determining the applicability of the MCS-90 endorsement, by finding the relevant question in these cases to be whether the accident occurred while the insured vehicle was transporting property in interstate commerce. *Id.* at *5, *8 (*see e.g., Century Indemn. Co. v. Carlson*, 133 F.3d 591, 595 (8th Cir. 1998); *Travelers Ins. Co. v. Transp. Ins. Co.*, 787 F.2d 1133, 1140 (7th Cir. 1986); *Herrod v. Wilshire Ins. Co.*, 2010 WL 3075457, at *3 (D.Utah 2010); *Canal Ins. Co. v. J. Perchak Trucking, Inc.*, 2009 WL 959596, at *2 (M.D.Pa. Apr. 6, 2009); *Kolencik v. Progressive Preferred Ins. Co.*, 2006 WL 738715, at *7 (N.D.Ga. Mar. 17, 2006); *Gen. Sec. Ins. Co. v. Barrentine*, 829 So.2d 980, 984 (Fl. Dist. Ct. App. 2002)).

It is undisputed that at the time of the accident in question, Schnyder was driving the Southern vehicle from Southern's facility in Metairie to his place of business in Chalmette to perform decal work and other repairs on the vehicle. Rec. Doc. No. 26-3, at 2-3; Rec Doc. No. 28, at 2. Plaintiffs do not contend that the vehicle was operating in interstate commerce, but instead argue that there

is no interstate requirement to the applicability of the MCS-90 endorsement, as the endorsement applies even in accidents that occur during a wholly intrastate trip. Rec. Doc. No. 28, at 8-10. In light of the Fifth Circuit's decision and reasoning in *Coleman*, this argument must be rejected. As the vehicle in question was not engaged in interstate commerce at the time of the accident, the MCS-90 endorsement does not apply.[1] Accordingly, Travelers' Motion for Partial Summary Judgment is **GRANTED.**

New Orleans, Louisiana this 8th day of December, 2010.

_____
United States District Judge

---

[1] Similarly, Plaintiffs did not argue that the vehicle was engaged in the transportation of property at the time of the accident, but rather that the vehicle need not be operating in a "for-hire" capacity for the MCS-90 to apply. Rec. Doc. No. 28, at 11. Although the Fifth Circuit noted in *Coleman* that the statutory definition of "transportation" is extremely broad, because the interstate commerce requirement is clearly not met, the Court need not reach this issue at this point. *See Coleman, supra,* at *7, *9.