## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**CURTIS AND DOROTHY PACE**                    **CIVIL ACTION**

**VERSUS**                                     **NO. 09-7047**

**THE TRAVELERS INDEMNITY COMPANY**            **SECTION: B(2)**
**OF AMERICA, STATE FARM FIRE AND**
**CASUALTY COMPANY, KEVIN A. SCHNYDER,**
**SOUTHERN EAGLES SALES AND SERVICES,**
**LP, AND SCHNYDER'S FLEET REPAIR,**
**LLC D/B/A SCHNYDER'S DECAL GARAGE**

### ORDER AND REASONS

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") Motion to Dismiss (Rec. Doc. No. 79), Defendants' Kevin A. Schnyder and Schnyder's Fleet Repair, LLC d/b/a Schnyder's Decal Garage ("Schnyder Defendants") Motion to Dismiss (Rec. Doc. No. 85), and the Schnyder Defendants' Motion for Summary Judgment (Rec. Doc. No. 75). All motions are opposed (Rec. Doc. Nos. 81, 83). For the following reasons,

**IT IS ORDERED** that the Motions to Dismiss (Rec. Doc. Nos. 79, 85) and the Motion for Summary Judgment (Rec. Doc. No. 75) are hereby **GRANTED**.

The above captioned matter arises out of an automobile accident that occurred on St. Bernard Highway on January 16, 2009. Plaintiff Curtis Pace was stopped at a red light, and Defendant Kevin Schnyder was two vehicles behind Pace, driving a 2009 International Model 33000 tractor/rig owned by Defendant Southern

Eagle Sales and Service, LP ("Southern").  Schnyder rear-ended the vehicle stopped directly in front of him, which ultimately caused the vehicle stopped directly behind Plaintiff's to rear-end Plaintiff's vehicle, resulting in physical injury to Plaintiff.

At the time of the incident, Schnyder was the owner of, and employed by, Schnyder's Fleet Repair, LLC d/b/a Schnyder's Decal Garage.  Schnyder was driving the Southern rig from Southern's facility in Metairie to his fleet repair shop in Chalmette to perform decal work and other repairs on the vehicle.  Both Schnyder and Schnyder's Fleet Repair, LLC d/b/a Schnyder's Decal Garage had policies of insurance with State Farm Fire and Casualty Company. The Schnyder Defendants and State Farm were dismissed from the above-captioned matter pursuant to this Court's order dated August 13, 2010 (*see* Rec. Doc. No. 17), as a settlement was reached between the parties.  Additionally, Schnyder was insured as a permissive user under Travelers Indemnity Company of America's ("Travelers") commercial auto coverage policy issued to Southern.

I.   **Motions to Dismiss**

State Farm and the Schnyder Defendants seek dismissal of the claims asserted against them in Plaintiff's Second Supplemental and Amending Complaint filed on November 29, 2010.  Rec. Doc. No. 79, at 1; Rec. Doc. No. 85, at 1.  The defendants argue that since they were previously dismissed from this lawsuit, with prejudice, as all claims against them have been settled and released, Plaintiffs'

Supplemental and Amending Complaint is procedurally improper and barred by the principles of res judicata, estoppel, accord and satisfaction, and release and waiver. Rec Doc. No. 79, at 1; Rec. Doc. No. 85-1, at 2. Plaintiffs contend that the Second Supplemental and Amending Complaint sufficiently states a cause of action upon which relief can be granted, as it asserts claims against the defendants for fraud, misrepresentation, and bad faith regarding the settlement of Plaintiffs' claims, specifically alleging that the defendants intentionally misrepresented the amount of available insurance coverage applicable to the accident at issue. Rec. Doc. No. 81, at 2.

This Court previously granted the Joint Motion to Dismiss filed by Plaintiffs, State Farm, and the Schnyder Defendants, dismissing the named defendants from the above captioned action with prejudice, because all claims asserted against them had been compromised and settled. Rec. Doc. Nos. 16, 17. It is well established that a dismissal with prejudice bars any subsequent assertion of the claims that have been dismissed against the dismissed parties. *Matter of West Texas Marketing Corp.*, 12 F.3d 497, 501 (5th Cir. 1994); *Astron Industrial Associates, Inc. v. Chrysler Motors Corp.*, 405 F.2d 958, 960 (5th Cir. 1968); *W.J. Perryman & Co. v. Penn Mut. Fire Ins. Co.*, 324 F.2d 791, 793 (5th Cir. 1963). To date, the dismissal order has not been challenged by Plaintiffs. Accordingly, Plaintiffs' attempt to reinstate the

defendants in this action by filing a supplemental pleading challenging the circumstances of their settlement agreement is procedurally improper and cannot be maintained. *See Vedatech K.K. v. Crystal Decisions, Inc.*, 2009 WL 1151778, *2 (N.D.Cal. Apr. 28, 2009) (noting previous decision requiring challenge to settlement agreement based on fraud to be brought in a separate proceeding which was upheld on appeal); *Douris v. County of Bucks*, 2001 WL 695019, *4 (E.D.Pa. June 18, 2001) (holding Amended Complaint did not reinstate defendant previously dismissed with prejudice).[1]

Therefore, **IT IS ORDERED** that Defendants' Motions to Dismiss (Rec. Doc. Nos. 79, 85) are hereby **GRANTED.**

## II. Motion for Summary Judgment

The Schnyder Defendants have additionally filed a Motion for Summary Judgment seeking to dismiss the Third Party Claims asserted against them by Travelers. It is undisputed that the sole basis for the claims rests on whether Plaintiffs are entitled to payments under the MCS-90 endorsement included in Travelers' policy, as Travelers contends that in that event, the endorsement provides for reimbursement for any payments made that are attributable to the fault of the Schnyder Defendants. Rec. Doc. No. 75-1, at 5; Rec. Doc. No. 83, at 2. The Schnyder Defendants assert that since this

---

[1]The separate action based upon breach of contract, fraud, etc. would appear to be not only against the insurance company and its insured, but also their then attorneys who were not named defendants in the previously dismissed action.

4

Court previously granted Travelers' Motion for Partial Summary Judgment finding that the MCS-90 endorsement does not apply to Plaintiffs' claims (*see* Rec. Doc. No. 41), Plaintiffs will not be able to recover any payments thereunder and thus no legal basis remains for Travelers' Third Party Claims. Rec. Doc. No. 75-1, at 5-6. Travelers however argues that since the grant of its motion is not a final judgment, should Plaintiffs successfully appeal this issue after trial of the merits, Travelers will be left without its remedy for reimbursement. Rec. Doc. No. 83, at 1. Travelers therefore asserts that its Third Party Claims should remain pending until there is a final judgment on the issue of the applicability of the MCS-90 endorsement. *Id.* at 2.

As this Court previously determined that the MCS-90 endorsement does not apply to the underlying accident in this matter, Travelers' Third Party Claims against the Schnyder Defendants are left without any legal merit. Summary judgment is therefore appropriate. Accordingly,

**IT IS ORDERED** that the Schnyder Defendants' Motion for Summary Judgment (Rec. Doc. No. 75) is **GRANTED,** without prejudice to Travelers to re-urge its claims should Plaintiffs successfully appeal the issue.

New Orleans, Louisiana, this 11th day of February, 2011.

_____
United States District Judge